08-4230-cv
*Khan v. Bank of America, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

ATIF J. KHAN,

> *Plaintiff-Appellant*,
>
> v.                                         No. 08-4230-cv

BANK OF AMERICA, N.A.,

> *Defendant-Appellee*.

_____

FOR APPELLANT:                    ATIF J. KHAN, *pro se*, Saugerties, NY

FOR APPELLEE:                     JAMES J. ROONEY, Bond, Schoeneck & King, PLLC, Buffalo, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Atif J. Khan, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), granting summary judgment in favor of Defendant-Appellee Bank of America, N.A., in Appellant's employment discrimination action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

We review an order granting summary judgment *de novo*. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We may affirm on any basis apparent in the record. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

We conclude that, even if Appellant had made out a *prima facie* case of disability, national origin, or religious discrimination, Appellee proffered legitimate, non-discriminatory reasons for Appellant's termination — specifically, performance errors and behavioral issues about which Appellant had been warned — and Appellant produced no evidence that raises a genuine question of fact regarding whether these reasons were pretextual. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

Appellant asserts on appeal that his supervisors had knowledge of his medical condition and national origin. That employees of Appellee merely had this knowledge, however, is insufficient evidence that Appellee's proffered *reasons* for Khan's termination were pretextual. To the extent

2

Appellant argues that his supervisors blocked his application to transfer to an operations analyst position by issuing him a written warning following his interview, Appellant produces no evidence that the hiring managers knew of this warning, and he produces no evidence to suggest that the warning itself was impermissible retaliation. As to the remainder of Appellant's arguments regarding his claims under Title VII for retaliation and for religious and national origin discrimination, we affirm for substantially the same reasons stated in the district court's opinion below.

As to Appellant's ADA claim, Appellant relies on a co-worker's deposition testimony regarding his belief that Appellant's disability was the basis for his termination. In this testimony, however, the deponent admitted that his conclusion was based only on a "gut feeling," and that he could not explain or point to any specific evidence relating to any other basis for his belief that Appellant was singled out because of his disability. We conclude that this testimony is insufficient to raise a genuine issue of fact regarding pretext. Finally, with respect to Appellant's assertion that he was denied short-term disability benefits, he concedes on appeal that he was not entitled to such benefits prior to May 25, 2005, and he produces no evidence that contradicts Appellee's conclusion that he was not entitled to such benefits after that date because by that point there was no medical information supporting a finding of disability.

We have carefully considered all Appellant's other arguments made on appeal, including those raised in Appellant's supplemental submission to this Court of March 3, 2010, and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk